738

STATE of Missouri, Appellant,

v.

Paul E. EICHOLZ, et al., Respondents.

No. WD 55816.

Missouri Court of Appeals,
Western District.

May 25, 1999.

Submitted Feb. 16, 1999.

Decided May 25, 1999.

Tuere L. Sala, Kansas City, Asst. Pros,
Atty., Jackson County, for appellant.

J. Michael Murphy, Liberty, for respondent.

Before SMART, P.J., HANNA and
LAURA DENVIR STITH, JJ.

SMART, Judge.

The State of Missouri appeals an entry
of summary judgment in favor of the estate of Paul Eicholz in a forfeiture action

related to $10,672.00 found in close proximity to a controlled substance. The state argues that the trial court erred in granting the estate's motion for summary judgment because the estate failed to establish that it was entitled to judgment as a matter of law.

The judgment of the trial court is affirmed.

## Factual Background

Shortly after midnight on February 11, 1997, Officer Paul Thurman of the Independence Police Department spotted a truck parked in front of a closed gun shop. As Officer Thurman approached the vehicle, he detected the odor of burning marijuana. He asked the driver, Eicholz, to exit the vehicle so he could investigate further. Eicholz agreed to do so, but then attempted to physically restrain the officer from entering the vehicle. After a short struggle, Eicholz succeeded in closing the vehicle's door, locking the keys inside.

Eicholz was placed under arrest for interference with the lawful duty of a police officer. Officer Thurman ordered a tow for the vehicle. Upon arrival, the tow company unlocked the vehicle's door so that an inventory search could be conducted before the vehicle was towed. Officer Thurman found a black nylon gym bag on the passenger-side floorboard. The bag contained the following items:

1) One clear bag containing 8.2 grams of methamphetamine;

2) One clear bag containing 1.5 grams of methamphetamine;

3) One clear bag containing 23.2 grams of marijuana;

4) Miscellaneous drug paraphernalia, including scales, nine plastic baggies, one syringe and a crack pipe;

5) One 25 caliber Falcon semi-automatic handgun with an empty magazine; and

6) One black bag containing $10,500.00.

During a search incident to his arrest, $172.00 was recovered from Eicholz's left sock.

Eicholz was charged with the class C felony of possession of a controlled substance and the class A misdemeanor of possession of drug paraphernalia with intent to use. On February 14, 1997, the state filed a petition for forfeiture pursuant to the Criminal Activity Forfeiture Act ("CAFA"), § 513.600, *et seq.*, RSMo 1994,[1] against the $10,672.00 and Eicholz's truck.[2] The petition alleged that the seized property was "used or intended for use in the course of, derived from, or realized through" Eicholz's criminal activity. Alternatively, the petition alleged that the seized property was subject to forfeiture pursuant to § 195.140 because it "was in close proximity to amphetamines."

A Jackson County Sheriff personally served Eicholz with a copy of the petition on March 4, 1997. Eicholz's answer to the petition was due on April 3, 1997. He did not file an answer by that date, nor did he otherwise challenge the seizure. On October 3, 1997, the state filed a motion for an interlocutory order of default, which was granted. Also on October 3, 1997, the court stayed the CAFA forfeiture proceeding, pending the outcome of Eicholz's criminal trial.

Eicholz died approximately a month later, as a result of injuries he received from an explosion at a methamphetamine lab. The court was informed of Eicholz's death on November 10, 1997, and the pending criminal case against Eicholz was subsequently dismissed. Pursuant to a Rule 52.13 motion, Eicholz's estate was substituted for Eicholz in the CAFA forfeiture action on January 8, 1998.

---

1. All statutory references are to the Revised Statutes of Missouri, 1994, unless otherwise indicated.

2. Because the state voluntarily dismissed the truck from the forfeiture action this appeal addresses only the forfeiture of the seized currency.

On January 21, 1998, the estate filed a motion for summary judgment, arguing that pursuant to § 513.617, the state needed a criminal conviction before the money could be forfeited. The estate argued that because Eicholz was dead, the state could not obtain a conviction, and therefore the money could not be forfeited. In response, the state argued that the money was found in close proximity to drugs and was therefore presumed to be illegal drug proceeds under § 195.140. The state argued that Eicholz had not rebutted that presumption prior to his death. The state also argued that a guilty plea or a conviction was not a condition precedent to the forfeiture of the money and sought an entry of summary judgment in its favor. On March 30, 1998, after hearing arguments, the court entered an order granting the estate's motion for summary judgment.

The state appeals, arguing that the estate failed to establish it was entitled to a judgment as a matter of law. The state argues that a conviction or guilty plea is not a condition precedent to a judgment of forfeiture in a case such as this, where the currency was found in close proximity to a controlled substance and the estate failed to rebut the presumption of forfeitability. Also, the state argues that the court should have issued summary judgment in the state's favor because the currency in question was found in close proximity to controlled substances, an interlocutory order of default had been issued against Eicholz and the estate had never rebutted the presumption of forfeitability.

## Standard of Review

Our standard for *de novo* review of the trial court's entry of summary judgment is set forth in *ITT Commercial Fin. v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the state, the party against whom the summary judgment was entered, and give the state the benefit of all reasonable inferences. *Id.* at 382. In order to be entitled to summary judgment, the estate must establish: (1) facts negating any one of the state's element facts; (2) that the state would not have been able to produce sufficient evidence allowing the trier of fact to find the existence of any one of the state's elements; or (3) that there is no genuine dispute regarding the existence of facts necessary to support the estate's properly-pleaded affirmative defense. *Id.* at 381.

## Presumption of Forfeitability

There are two statutes to be considered. One is § 195.140, which states in part as follows:

1. All controlled substances, imitation controlled substances or drug paraphernalia for the administration, use or manufacture of controlled substances or imitation controlled substances and which have come into the custody of a peace officer or officer or agent of the department of health as provided by sections 195.010 to 195.320, the lawful possession of which is not established or the title to which cannot be ascertained after a hearing as prescribed in Rule 34 of Rules of Criminal Procedure for the courts of Missouri or some other appropriate hearing, shall be forfeited, and disposed of as follows: ...

\* \* \*

2. (1) Everything of value furnished, or intended to be furnished, in exchange for a controlled substance, imitation controlled substance or drug paraphernalia in violation of sections 195.010 to 195.320, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, or securities used, or intended to be used, to facilitate any violation of sections 195.010 to 195.320 shall be forfeited, except that no property shall be forfeited under this subsection to the extent of the interest of an owner by reason of any act or omission established by him to have been committed without his knowledge or consent.

(2) Any moneys, coin, or currency found in close proximity to forfeitable con-

trolled substances, imitation controlled substances, or drug paraphernalia, or forfeitable records of the importation, manufacture, or distribution of controlled substances, imitation controlled substances or drug paraphernalia are presumed to be forfeitable under this subsection. The burden of proof shall be upon claimants of the property to rebut this presumption.

§ 195.140, RSMo 1994.

The other is § 513.617, which is part of "The Criminal Activity Forfeiture Act" [CAFA]. That section states in part as follows:

In the event criminal charges arising from the same activity giving rise to the CAFA proceeding are filed against any individual claiming an interest in the property subject to the CAFA proceeding, such CAFA proceeding shall be stayed by the court until the disposition of the criminal charges. In such cases, no property shall be forfeited unless the person charged is found guilty of or pleads guilty to a felony offense substantially related to the forfeiture. The property of persons arrested, detained or apprehended and not subsequently charged is not subject to forfeiture for that arrest, detention or apprehension. The rights of an innocent owner of property are superior to any right or claim of the state or county, and such rights shall be enforced pursuant to the provisions of sections 513.610 to 513.620.

§ 513.617.1, RSMo 1994.

The two statutes are tied together by § 195.140.2(3), which provides that forfeiture proceedings under Chapter 195 shall be conducted pursuant to CAFA. Under CAFA "[a]ll property of every kind used or intended for use in the course or, derived from, or realized through criminal activity is subject to civil forfeiture" in a CAFA forfeiture proceeding. § 513.607.1, RSMo 1994. The state commences a CAFA action by filing a petition which sets forth: (1) the property sought to be forfeited; (2) that the property sought to be forfeited is within the jurisdiction of the court; (3) the grounds for forfeiture; (4) the names of all known persons having or claiming an interest in the property; and (5) the date and place the property was seized. § 513.607.5(1) & (2), RSMo 1994.[3] The burden of proving each of these elements is upon the investigative agency. § 513.607.5(2), RSMo 1994.

In the present case, with undisputed evidence from Officer Thurman, the state proved four elements: the property sought to be forfeited; the date and place the property was seized; that the seized property was within the jurisdiction of the court; and the names of all known persons having or claiming an interest in the property. Additionally, the state argued that it had proved the fifth element because the money was found in close proximity to controlled substances, namely marijuana and methamphetamine, and under § 195.140.2, the money was presumed forfeitable.

CAFA defines "criminal activity" with reference to several chapters of the Revised Statutes of Missouri, including Chapter 195 which relates to drug regulations. § 513.605(3)(a), RSMo 1994. Chapter 195 provides that "[a]ll controlled substances, imitation controlled substances or drug paraphernalia ... which have come into the custody of a peace officer[,] ... the lawful possession of which is not established ... shall be forfeited...." § 195.140.1, RSMo 1994. Further, § 195.140.2(2) provides that money found in close proximity to contraband are "presumed to be forfeitable" under § 195.140. The statute places the burden of rebutting

---

**3.** The date and place of the seizure is required only where the seizure was "effected by a law enforcement officer authorized to enforce the criminal laws of [Missouri] prior to the filing of the petition and without a writ of seizure ..." where the officer had probable cause to believe the property was subject to seizure or the property was seized in a search incident to a lawful arrest. § 513.607.5(2), RSMo 1994.

the presumption upon the claimants of the property.

■ In the present case, the $10,672.00 in question was found in close proximity to marijuana and methamphetamine, both of which are classified 'as controlled substances. *See* § 195.017.2(4)(5), RSMo Supp.1998; § 195.017.4(3)(b), RSMo Supp. 1998. Therefore, the presumption was raised that the currency was forfeitable. The state's petition for forfeiture was filed on February 14, 1997, and Eicholz was personally served with a copy of the petition on March 4, 1997. Eicholz's answer to the state's petition was due thirty days from March 4, 1997. Rule 55.25(a).[4] Eicholz never answered the state's petition and consequently failed to rebut the presumption that the $10,672.00 was forfeitable. Therefore, we agree with the state's contention that the currency in question was forfeitable under § 195.140.2(2).

## Requisite Guilty Plea or Criminal Conviction

■ The fact that the currency was *forfeitable* does not mean that the currency must be forfeited to the state. Although currency found in close proximity to a controlled substance is deemed *forfeitable* by § 195.140.2(2), the actual forfeiture proceeding which must be conducted before the property is forfeited is governed by CAFA. § 195.140.2(3), RSMo 1994. CAFA requires that "[u]pon acquittal or dismissal of·a criminal action against a person also named in a CAFA action, the civil action shall be dismissed." § 513.645.6, RSMo, 1994. Also, § 513.617.1, RSMo 1994, requires:

> In the event criminal charges arising from the same activity giving rise to the CAFA proceeding are filed against any individual claiming an interest in the property subject to the CAFA proceeding, such CAFA proceeding shall be stayed by the court until the disposition of the criminal charges. In such cases,

*no property shall be forfeited unless* the person charged is found guilty of or pleads guilty to a felony offense substantially related to the forfeiture.

(emphasis added).

■ Section 513.617 was added to CAFA in 1993. Prior to the amendment there was no provision requiring a guilty plea or a conviction as a condition precedent to a CAFA forfeiture. *State v. Residence Located at 5708 Paseo, Kansas City, Missouri,* 896 S.W.2d 532, 537 (Mo.App. 1995). The addition of § 513.617 to CAFA evinces "the General Assembly's desire to restrain what it perceived to be overzealous use of federal and state forfeiture statutes." *State v. Sledd,* 949 S.W.2d 643, 646 (Mo.App.1997). "[T]he statute is ... clear that, if criminal proceedings *are* initiated by the state, the CAFA forfeiture action must be dismissed if those criminal proceedings *result* in an acquittal or dismissal." *State v. Residence Located at 5708 Paseo,* 896 S.W.2d at 538 (second emphasis added).

As we have noted, § 195.140.2(3), subjects the forfeiture of controlled substances and currency found in proximity to controlled substances to the requirements of CAFA. The state contends that "[t]he fact that § 195.140.2 remained virtually untouched [by changes the General Assembly made to various other sections of Chapter 195] demonstrates a direct intent to create a distinction between illegal proceeds and property used to facilitate criminal activity." We do not agree that § 195.140.2 remained "virtually untouched"—the General Assembly added paragraph (3) to § 195.140.2, which states, "*All* forfeiture proceedings shall be conducted pursuant to the provisions of sections 513.600 to 513.660, RSMo." § 195.140.2(3), RSMo 1994 (emphasis added).

The state urges us to draw a distinction between the forfeiture of "illegal proceeds"

---

4. Because an action under CAFA is a *civil* forfeiture action, the rules of civil procedure apply to CAFA proceedings. § 513.607.2, RSMo 1994.

and the forfeiture all other property, claiming that "[a] distinction between illegal proceeds and property used to facilitate criminal activity is necessary in drug-related forfeitures and is widely accepted in other jurisdictions." We find no basis for drawing the distinction, in view of the statutory language, which specifies that CAFA applies to "*[a]ll* property *of every kind* used or intended for use in the course of, derived from, or realized through criminal activity...." § 513.607.1, RSMo 1994 (emphasis added).

No such distinction was noted in *Residence Located at 5708 Paseo*. That case involved a forfeiture action against a house alleged to have been the site of various illegal activities. *Residence Located at 5708 Paseo*, 896 S.W.2d at 534. The owners of the house were never arrested or charged with any crime related to the crimes alleged to have been committed at the house. *Id.* at 536. This court affirmed the trial court's dismissal of the forfeiture action, finding that the state did not prove the requisite criminal activity associated with the house necessary for forfeiture. *Id.* at 541. In *dictum,* this court also stated, "[W]hen § 513.617 went into effect, a guilty plea or criminal conviction became necessary as a prerequisite to CAFA forfeiture." *Id.* at 541 n. 11.

Three years after the decision in *5708 Paseo*, this court in *State ex rel. Callahan v. Collins,* 978 S.W.2d 471, 473 (Mo.App. 1998), dealt with an appeal of a judgment ordering forfeiture of a handgun and $869.00 in currency. On appeal, Collins, the claimant, argued that the trial court had erred in finding that he had been convicted of a felony related to the forfeiture. *Id.* The state, in defending the appeal, apparently argued only that the trial court had sufficient evidence of the conviction to make the finding. The state did not argue that the showing of a conviction was unnecessary, and all parties apparently assumed that the proof of the conviction was necessary to the forfeiture.

The state claims that the governing authority is *State v. Meister,* 866 S.W.2d 485 (Mo.App.1993). Officers searching Meister's van after a speeding arrest found marijuana and related materials along with $9,500.00 in currency. *Id.* at 487. The trial court's decision forfeiting the currency was affirmed, and this court made no mention of any conviction of Meister. *Meister,* however, was decided before §§ 513.617 and 195.140.2(3), the statutory sections at issue in this case, became effective. Because the later enactment of § 195.140.2(3) caused the provisions of CAFA to become applicable to forfeiture actions pursuant to Chapter 195, *Meister* is not authoritative on this issue.

■ Thus, while no case directly on point refutes the contention of the state that no conviction is necessary, the statutory provisions seem clear in requiring the conviction, and the state has no pertinent authority in support of its contention. Consequently, we conclude that even property which is presumed forfeitable under § 195.140.2(3) requires a conviction of guilt before a judgment of forfeiture can be entered.

### Conclusion

Given the undisputed facts before it, the trial court did not err in entering summary judgment in favor of the estate and denying summary judgment for the state.

The judgment of the trial court is affirmed.

HANNA and LAURA DENVIR STITH, JJ. concur.