UNITED DISTRIBUTORS, Respondent,

v.

**DEPARTMENT OF PUBLIC SAFETY, DIVISION OF LIQUOR CONTROL, Appellant.**

No. WD 57320.

Missouri Court of Appeals, Western District.

Aug. 8, 2000.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 2000.

Application for Transfer Denied Dec. 5, 2000.

Marvin O. Teer, Jr., Jefferson City, for appellant.

Gary Morris, Clayton, for respondent.

Before BRECKENRIDGE, P.J., LOWENSTEIN and ELLIS, JJ.

PATRICIA BRECKENRIDGE, Judge.

The Department of Public Safety, Division of Liquor Control appeals from a judgment ordering it to return a "Top the Score" machine owned by United Distributors that it seized from the Fraternal Order of Eagles (Eagles), and enjoining it from seizing four other "Top the Score" machines located at the Eagles. Because this court finds that Liquor Control has no authority to seize gambling devices and Liquor Control based its seizure of the "Top the Score" machines on its assertion that they are gambling devices, the judgment of the trial court is affirmed.

### Factual and Procedural History

On December 17, 1998, Liquor Control Special Agents Keith Hendrickson and Steve Shimmens inspected the Eagles, a licensed liquor establishment located in Jefferson City. Upon entering the Eagles, the agents discovered several "Top the Score" machines. The agents determined that the machines were illegal gambling

devices and seized one of the machines. The agents informed an employee at the Eagles that the remaining "Top the Score" machines would be seized if they were not removed from the premises before December 21, 1998. The machines, owned by United Distributors, are leased to the Eagles under an oral profit-sharing arrangement, in which United agreed to install, service and maintain the machines, and share half the revenue taken in by them.

The day after the seizure of the one machine, United Distributors filed a petition for a temporary restraining order and preliminary and permanent injunction against Liquor Control. In its petition, United Distributors sought the return of the "Top the Score" machine that was seized and the entry of an injunction preventing Liquor Control from seizing the other four "Top the Score" machines from the Eagles. In its answer, Liquor Control admitted that its seizure was based upon 11 C.S.R. 70–2.140(10) which provides, in pertinent part, that, "No licensee shall have any gambling devices upon his/her licensed premises where money, trade checks, prizes, merchandise or property or any other consideration whatsoever may be won or lost." At a brief hearing before the trial court, the parties stipulated that no further action would take place pending an evidentiary hearing.

In January of 1999, an evidentiary hearing was held. At the hearing, a "Top the Score" machine was brought into the courtroom and both parties demonstrated how the machine operates. At the end of the hearing, the trial court ordered that all further action be held in abeyance until the parties filed briefs and the court rendered its decision. In May of 1999, the trial court granted United Distributor's petition for preliminary and permanent injunctions, finding that the "Top the Score" machines are "gaming devices," but that there was no evidence that the machines were being used "in the furtherance of gaming or gambling activities at the Fraternal Order of Eagles." The judgment enjoined Li-

quor Control from seizing the remaining "Top the Score" machines from the Eagles and ordered the return of the machine that Liquor Control had already seized. Liquor Control appeals.

### Standard of Review

■ Appellate review of judgments granting injunctive relief is the same as in any court-tried case. *Home Shopping Club, Inc. v. Roberts Broadcasting Co.*, 989 S.W.2d 174, 177 (Mo.App.1998). The trial court's judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### Trial Court Did Not Enjoin Enforcement of a Criminal Law

Liquor Control argues that the trial court erred in granting equitable relief because it did not have jurisdiction to enjoin the enforcement of criminal laws. Liquor Control is responsible for enforcing Missouri's liquor control laws set out in Chapters 311 and 312 and the regulations promulgated thereunder. *Cocktail Fortune, Inc. v. Supervisor of Liquor Control*, 994 S.W.2d 955, 956 (Mo. banc 1999). Liquor Control argues that the enforcement of its regulations amounts to the enforcement of criminal law, and that, generally, a court of equity is without jurisdiction to interfere with the enforcement of the criminal law. We do not agree. The proceedings in this case that were based upon a violation of 11 C.S.R. 70–2.140(10) were not criminal in nature as Liquor Control suggests.

■ As stated *supra*, 11 C.S.R. 70–2.140(10) provides, in pertinent part, that, "No licensee shall have any gambling devices upon his/her licensed premises where money, trade checks, prizes, merchandise or property or any other consideration whatsoever may be won or lost." In *State ex rel. Glendinning Companies of Con-*

*necticut Inc. v. Letz,* 591 S.W.2d 92, 96 (Mo.App.1979), this court determined that 11 C.S.R. 70–2.140(12) [1] is not "aimed at gambling, *per se*," but rather "at the control of the licensed alcoholic beverage-selling business." *Id.* This court stated:

> It does not purport to make the activity defined in the regulation either lawful or unlawful nor to attach any penalty thereto. The regulation is aimed rather at the control of the licensed alcoholic beverage-selling business. The privilege of selling alcoholic beverage is conditional, and one of those conditions is that a certain activity, which has a demonstrated attraction to draw people into the licensed premises where they are likely to purchase the merchandise offered therein, shall not be allowed by the licensee upon the licensed premises.... That the activity may be gambling, or may resemble gambling, whether lawful or unlawful, is merely incidental. The activity which is described in the regulation may be conducted without interdiction by the Supervisor's regulation but the business of alcoholic beverage sales cannot be conducted on the same premises. It was not the legislature's intent by the Criminal Code to reduce the Supervisor's regulatory powers over the licensed business of alcoholic beverage sales.

*Id.* (citations and footnote omitted).

This analysis makes clear that the purpose of Liquor Control's enforcement of 11 C.S.R. 70–2.140(10) is to control licensed alcoholic beverage-selling businesses, not to determine whether gambling activities are unlawful and assess criminal punishment. Therefore, this court finds that the

**1.** This subsection has been renumbered and is now (10) instead of (12). The language relied on here in (10) is substantially similar to that in (12).

**2.** All statutory references are to the 1994 Revised Statutes of Missouri, unless otherwise indicated.

**3.** Liquor Control asserts that § 311.850 provides a legal remedy for a person claiming

proceedings in this case were not criminal in nature and, as such, the trial court did not enjoin the enforcement of a criminal law.

### Liquor Control Has No Authority Under Chapter 311 To Seize Gambling Devices

Liquor Control also argues that United Distributors did not demonstrate that it lacked an adequate remedy at law so it was not entitled to injunctive relief. Liquor Control claims that § 311.840, RSMo 1994,[2] provided an adequate remedy at law for United Distributors to litigate its right to recover the "Top the Score" machine that had been seized.[3] Section 311.840 provides, in pertinent part:

> 1. Whenever any intoxicating liquor or other property having a value of more than fifty dollars is seized as contraband under any section of the liquor control law, the officer seizing such property, or the supervisor of liquor control, if the seizure is made by one of his agents, shall commence an action in the circuit court of the county in which such property is seized by filing a petition ... in the name of the state of Missouri as plaintiff against the person from whom the property was seized as defendant[.]

> \* \* \*

> 3. Any person claiming an interest in said property may intervene in said action within thirty days after the publication of said notice, setting forth any claim he may have to said property.

Liquor Control argues that once it filed a petition, § 311.840.3 would allow United

title to "any intoxicating liquor or other property of the value of fifty dollars or less [which has been] seized as contraband under any provision of the liquor control law." Under § 311.850, the person may file a suit in replevin to request return of the contraband. As Liquor Control notes, however, it is undisputed that each "Top the Score" machine is worth more than $1,000, so our discussion will focus on § 311.840.

Distributors to intervene and claim an interest in the seized property. On its face, this is a reasonable assertion. However, upon analyzing § 311.840 and its interplay with the other statutes in Chapter 311, this court finds that Chapter 311 does not give Liquor Control authority to seize gambling devices. Thus, the trial court was correct in ordering the return of the one machine and in enjoining Liquor Control from seizing the other four machines, even though its decision was based upon different reasoning. *Firefighters Local No. 77 v. City of St. Joseph, Missouri,* 822 S.W.2d 866, 870 (Mo.App.1991) ("In a court-tried case, if the trial court reached a correct result, the decision will be affirmed. The decision will not be disturbed because the trial court gave a wrong or insufficient reason therefor.").

■ Analyzing the pertinent statutory provisions, this court first notes that as an agency of the state, the Division of Liquor Control only has such power and authority as granted to it by the legislature in Chapters 311 and 312, RSMo.[4] *See Director, Missouri Dept. of Public Safety v. Murr,* 11 S.W.3d 91, 96 (Mo.App.2000). Chapter 311 is entitled the "Liquor Control Law." § 311.010. All of the provisions in Chapter 311 relate to the subject of alcoholic beverages. Since Liquor Control's authority is pronounced in Chapter 311, this court will undertake to examine the statutes pertinent to this case and construe them accordingly. Statutes that relate to the same subject or matter are considered *in pari materia* and are construed together as though constituting one act. *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 200 (Mo. banc 1991). Statutes that are *in pari materia* are intended to be read consistently and harmoniously in their several parts and provisions. *Id.*

It must first be determined what authority Liquor Control was granted by the legislature in Chapter 311. Chapter 311 provides that certain employees of the division are peace officers who have the authority to enforce the liquor control laws. Specifically, the Supervisor of Liquor Control and other employees of Liquor Control who have been selected and designated by the Supervisor are peace officers of the state of Missouri with the "full power and authority to make arrests for violations of the provisions of Chapters 311 and 312, RSMo, relating to intoxicating liquors and nonintoxicating beer, and to make searches and seizures thereunder, and to serve any process connected with the enforcement of such laws." Section 311.630.1, RSMo Cum.Supp.1999.

■ While Liquor Control agents have the authority to make searches and seizures, their authority is limited by the terms of the statutes of Chapters 311 and 312. Section 311.810.2 authorizes Liquor Control agents to apply for search warrants and to seize:

[A]ny intoxicating liquor, malt, mash and all grain, grain products, fruit or fruit products found ... [in] such a stage of fermentation as to be unfit for any use save in the unlawful manufacture of intoxicating liquor; and to seize and remove therefrom any intoxicating liquor, still, doubler, worm, worm tub, mash, mash tub, fermenting tub, vessel, fixture or equipment, or any part or parts thereof, used or fit for use in the unlawful manufacture of intoxicating liquor....

It further provides that "[a]ll intoxicating liquor unlawfully manufactured, stored, kept, sold, transported or otherwise disposed of, and the containers thereof and all

---

4. Chapter 312 is entitled "Nonintoxicating Beer" and contains provisions governing the manufacture, sale and transportation of beer "having an alcoholic content of not less than one-half of one percent by volume nor exceeding three and two-tenths percent by weight." Section 312.020.1. Chapter 312 does not contain any provisions expanding the authority of Liquor Control peace officers or their right to search for or seize contraband beyond what is authorized in Chapter 311, so the provisions of Chapter 312 are not pertinent to the issues in this case.

equipment used or fit for use in the manufacture or production of the same, including all grain or other material used, in the unlawful manufacture of intoxicating liquor ... are hereby declared contraband" and shall be sold upon order of the court and the manner provided in the chapter. Section 311.810.2. There is no authority in § 311.810.2 for the seizure of items other than liquor or items used in the unlawful manufacture of liquor. Further, § 311.810.2 lists liquor and other items used in the manufacture of liquor and declares such items to be considered contraband. There is no mention of any non-alcohol related items.

There is also no mention of any non-alcohol related items in §§ 311.840 and 311.850, which establish the procedure for the sale of the seized contraband. Under § 311.840, when intoxicating liquor or other property having a value of greater than fifty dollars is seized as contraband, Liquor Control must commence an action in the circuit court of the county where the property was seized. The petition initiating that action shall "describe the property seized and the circumstances of the seizure and shall pray the court to make an order, declaring said liquor or other property to be contraband and directing said seizing officer or the supervisor of liquor control ... to sell said property at public or private sale," subject to the court's approval. Under § 311.850, an individual may file a suit in replevin to recover "any intoxicating liquor or other property of the value of fifty dollars or less which has been seized as contraband." Read together, it is clear that the contraband which is subject to the proceedings in §§ 311.840 and 311.850 is limited to contraband seized pursuant to Chapter 311. Nowhere in Chapter 311 do the statutes authorize the seizure of gambling devices, nor authorize the initiation of an action to request their disposal.

■ The authority granted to peace officers in §§ 311.630, 311.810, 311.840 and 311.850 is expressly limited to the enforcement of liquor control laws. This limita-

tion on the authority of Liquor Control is recognized by Liquor Control in its regulations. 11 C.S.R. 70–1.010(4) provides:

> The supervisor of liquor control, agents of the Division of Liquor Control, prosecuting attorneys, sheriffs, their deputies and police officers are charged with the duty of enforcing the Intoxicating Liquor Law and Nonintoxicating Beer Law. *The Division of Liquor Control has no authority to punish or discipline persons not licensed.* However, the division works closely with other law enforcement agencies and personnel in an effort to insure compliance with the liquor control laws.

(Emphasis added.)

■ In this instance, the provisions of Chapter 311 authorized Liquor Control to discipline the Eagles regarding their liquor license, if necessary, or to report the information to other law enforcement officials or the prosecuting attorney so that those officials could act to seize the machines if such seizure is authorized by the criminal statutes in Chapter 572. Chapter 311 did not authorize the agents to seize the machines. Since Liquor Control did not have the authority to seize the machines, it is not necessary to reach the issue of whether the "Top the Score" machines are illegal gambling devices per se under *Thole v. Westfall,* 682 S.W.2d 33, 36 (Mo.App.1984).

Accordingly, the seizure of the "Top the Score" machine by Liquor Control was unlawful and United Distributors was entitled to a judgment ordering the return of the machine and enjoining Liquor Control from seizing the remaining machines.

All concur.