**CITY OF SPRINGFIELD, Missouri, Plaintiff–Appellant,**

v.

**Vincent Lee GEE and Peggy L. Gee, Defendants–Respondents.**

**City of Springfield, Missouri, Plaintiff–Appellant,**

v.

**Johnnie Paul Spence and Katherine A. Williams, Defendants–Respondents.**

Nos. 26209, 26227.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 2004.

Ron Dirickson, Asst. City Atty., Springfield, MO, for appellant.

Robert E. Childress, Springfield, MO, for respondents.

JEFFREY W. BATES, Chief Judge.

In this case of first impression, we must decide whether the trial court properly entered summary judgments against the City of Springfield, Missouri ("the City") in two civil actions seeking forfeiture of motor vehicles pursuant to an ordinance enacted by the City after the passage of § 82.1000.[1] The trial court dismissed the forfeiture actions with prejudice because, in each instance, the City failed to prove that the vehicle's operator was convicted of a felony on a charge substantially related to the forfeiture as required by § 513.617.1. On appeal, the City contends that § 82.1000 is the controlling statute, and it does not require proof of any conviction before a judgment of forfeiture can be entered. Because the legal issue presented by the two cases is the same and all of the respondents are represented by the same attorney, we have consolidated the City's two appeals in order to address the City's arguments in one opinion. The facts in each case, which are quite similar, are set out below.

### I. City v. Johnnie Spence and Katherine Williams

On August 3, 2001, Johnnie Spence ("Spence") was operating a 1984 Mercedes on McDaniel Street in Springfield, Missouri. The Mercedes was co-owned by Spence and Katherine Williams ("Williams"). At the intersection of Main and Mt. Vernon streets, a Springfield police officer observed Spence make a left turn without signaling and initiated a traffic stop. The officer smelled a strong odor of intoxicants on Spence's breath. Spence failed the gaze nystagmus, one-leg stand, and walk and turn field sobriety tests, and

---

1. All references to statutes are to RSMo (2000), unless otherwise specified.

he refused to supply a breath sample to determine his blood alcohol content. Spence did not have a valid operator's license because his license had been revoked on July 23, 1999 and he was not eligible for reinstatement until December 21, 2009. Spence also had numerous prior convictions for driving while intoxicated.[2] He was issued tickets for driving while intoxicated, driving while revoked, and failure to use his turn signal. The officer placed a hold for "D.W.I. forfeiture" on the Mercedes and had it towed to an impoundment lot.

On August 10, 2001, the City filed a petition for forfeiture in the Circuit Court of Greene County, Missouri, based on Sec. 106–207 of the City Code. The City sought forfeiture of the Mercedes pursuant to this ordinance because: (1) the vehicle had been operated within the City by Spence; (2) he had one or more intoxication-related traffic offenses, as defined by § 577.023; and (3) he was operating the Mercedes while his license was revoked. Motions for summary judgment were filed by defendants Spence and Williams, as well as the City. In March 2002, Spence and Williams filed a motion for a stay of proceedings pursuant to § 513.617. The trial court granted the motion and stayed the case. In March 2003, the City filed a motion to lift the stay based on the undisputed fact that Spence had pled guilty to a misdemeanor charge of driving while intoxicated in the Associate Division of the Circuit Court of Greene County, Missouri.

## II. City v. Vincent Gee and Peggy Gee

On February 3, 2003, a Springfield police officer observed Vincent Gee ("Gee") driving a 1992 Toyota pickup the wrong way on Jefferson Avenue, a one-way street in Springfield, Missouri.[3] The Toyota was co-owned by Gee and his wife, Peggy. The officer noticed that Gee's eyes were bloodshot and watery, his speech was slurred and confused, and he moved in slow, deliberate movements. Gee was unable to perform the walk and turn test, and he refused to attempt the one-leg stand test. He also refused to give a breath sample so his blood alcohol content could be determined. After running a check through the Missouri Uniform Law Enforcement System ("MULES"), the officer determined that Gee had previously been convicted of three alcohol-related traffic offenses.[4] He was issued tickets for driving while intoxicated, driving the wrong way on a one-way street and having no insurance. The officer placed a hold for "D.W.I. forfeiture" on the Toyota and had it towed to an impoundment lot.

On February 13, 2003, the City filed a petition for forfeiture in the Circuit Court of Greene County, Missouri, based on Sec.

2. Spence was convicted in the Circuit Court of Greene County, Missouri, on the following dates for driving while intoxicated in violation of state law: (1) February 7, 1973; (2) November 12, 1974; (3) July 11, 1978; (4) July 6, 1983; (5) December 8, 1983; (6) July 31, 1984; (7) August 20, 1991; and (8) July 8, 1999. He was convicted on the following dates for driving while intoxicated in violation of a Springfield city ordinance: (1) July 11, 1978; (2) July 6, 1983; and (3) December 8, 1983. He was convicted of driving while intoxicated in Alabama on January 5, 1988.

3. In our opinion, we will refer to Vincent Gee individually as "Gee." We will refer to his wife individually as "Peggy" since the Gees' surname is the same. We do so for purposes of clarity and intend no disrespect.

4. Gee had the following prior convictions: (1) on June 6, 1995, he was convicted of driving while intoxicated in violation of a Lebanon city ordinance; (2) on April 20, 1987, he was convicted of driving while intoxicated in violation of § 577.010; and (3) on December 19, 1985, he was convicted of driving with an excessive blood alcohol content in violation of § 577.012.

106–207 of the City Code. The City sought forfeiture of the Gees' Toyota pursuant to this ordinance because: (1) the vehicle had been operated within the City by Gee; (2) he had two or more intoxication-related traffic offenses, as defined by § 577.023; and (3) he had refused an officer's request to submit to a chemical test of his blood alcohol concentration pursuant to § 577.041. In August 2003, the City filed a motion for summary judgment. In October 2003, the Gees filed a motion to stay the proceeding pursuant to § 513.617. The trial court granted the motion and stayed the case. In December 2003, the City filed a motion to lift the stay based on the undisputed fact that Gee had pled guilty to a misdemeanor charge of driving while intoxicated in the Associate Division of the Circuit Court of Greene County, Missouri.

### III.  Disposition in the Trial Court

On January 22, 2004, the trial court held a hearing in both cases. In *City of Springfield v. Spence,* the defendants asserted the defense that Spence had not been convicted of a felony on a charge substantially related to the forfeiture proceeding and sought dismissal of the case. In *City of Springfield v. Gee,* the defendants asserted the same defense and sought the same relief. The City also sought summary judgment and argued that no conviction was required in order to forfeit the vehicle pursuant to Sec. 106–207 of the City Code. After considering the undisputed facts, the court granted a summary judgment of dismissal in each case based on the common defense asserted by all defendants. Thereafter, the City filed a motion for new trial and a motion to amend the judgment, which were denied. A final judgment of dismissal was entered in each case on April 1, 2004, and the City appealed.

### IV.  Standard of Review

The material facts presented for the trial court's consideration in the motions for summary judgment were undisputed, and all parties agree this appeal presents an issue of law for our determination. *See Daniels v. Senior Care, Inc.,* 21 S.W.3d 133, 135 (Mo.App.2000). Therefore, we employ a *de novo* standard of review. *Bland v. IMCO Recycling, Inc.,* 122 S.W.3d 98, 102 (Mo.App.2003). In the case at bar, the trial court granted summary judgment in favor of all defendants. A defending party may establish a right to judgment by showing: (1) facts that negate any one of the claimant's elements facts; (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 381 (Mo. banc 1993). The right to judgment as a matter of law may be independently established by any one of these three means. *Payne v. City of Osage Beach,* 132 S.W.3d 314, 316 (Mo.App.2004). Therefore, our task is to decide whether the defendants were entitled to judgment as a matter of law for any one of these three reasons. *See State v. Eicholz,* 999 S.W.2d 738, 740 (Mo.App. 1999).

### V.  Discussion and Decision

This appeal requires us to examine the interrelationship among two state statutes and one city ordinance: (1) the Criminal Activity Forfeiture Act ("CAFA"), which is codified at §§ 513.600–513.653; (2) § 82.1000, which is the enabling statute authorizing the City to adopt a forfeiture ordinance; and (3) Sec. 106–207 of the

City's Code, which is the forfeiture ordinance itself.

CAFA was enacted in 1986. *See* §§ 513.600–513.645 RSMo (1986). Section 513.607.1 RSMo (1986) stated:

All property of every kind used or intended for use in the course of, derived from, or realized through criminal activity is subject to civil forfeiture. Civil forfeiture shall be had by a civil procedure known as a CAFA forfeiture proceeding.

CAFA authorized the attorney general or the prosecuting attorney of the county in which the property was seized to institute an *in rem* or *in personam* forfeiture proceeding by filing a forfeiture petition. § 513.607.3 RSMo (1986); § 513.607.4 RSMo (1986). If the petition was filed before the seizure occurred, it had to "state what property is sought to be forfeited, that the property is within the jurisdiction of the court, the grounds for forfeiture, and the names of all persons known to have or claim an interest in the property." § 513.607.5(1) RSMo (1986). If the petition was filed after the seizure, it also had to state the date and place of the seizure. The burden of proving these allegations in the petition was placed on the State. § 513.607.5(2) RSMo (1986); § 513.605(5) RSMo (1986).

Even if the State met its burden of proving that the property identified in the petition was subject to forfeiture pursuant to § 513.607.1 RSMo (1986), however, CAFA provided two statutory defenses that could be asserted in the forfeiture proceeding. First, § 513.615 stated that "[t]he interest of an innocent party in the property shall not be subject to forfeiture." This statute permitted an innocent party to intervene in the forfeiture proceeding to assert this defense. *Id.* Second, § 513.645.6 stated that, "[u]pon acquittal or dismissal of a criminal action against a person also named in a CAFA action, the civil [forfeiture] action shall be dismissed." *See, e.g., State v. Residence Located at 5708 Paseo,* 896 S.W.2d 532, 538 (Mo.App. 1995).

In 1993, the Legislature made a number of significant changes to CAFA. These reforms "reflected the General Assembly's desire to restrain what it perceived to be overzealous use of federal and state forfeiture statutes." *State v. Sledd,* 949 S.W.2d 643, 646 (Mo.App.1997). One of these changes was the adoption of § 513.617 RSMo (Cum.Supp.1993). Subsection one of this statute states:

In the event criminal charges arising from the same activity giving rise to the CAFA proceeding are filed against any individual claiming an interest in the property subject to the CAFA proceeding, such CAFA proceeding shall be stayed by the court until the disposition of the criminal charges. In such cases, no property shall be forfeited unless the person charged is found guilty of or pleads guilty to a felony offense substantially related to the forfeiture. The property of persons arrested, detained or apprehended and not subsequently charged is not subject to forfeiture for that arrest, detention or apprehension. The rights of an innocent owner of property are superior to any right or claim of the state or county, and such rights shall be enforced pursuant to the provisions of sections 513.610 to 513.620.

This 1993 amendment to CAFA created two new defenses to a civil forfeiture action. First, the property of a person who was arrested, etc., was not subject to forfeiture based on that incident if he or she was not subsequently charged with a crime. Second, if criminal charges were filed, the forfeiture action had to be stayed until the disposition of the charges, and no judgment of forfeiture could be entered

unless "the person charged is found guilty of or pleads guilty to a felony offense substantially related to the forfeiture." § 513.617.1 RSMo (Cum.Supp.1993). Prior to the enactment of this statute, there was no provision in CAFA requiring a guilty plea or a conviction as a condition precedent to a CAFA forfeiture. *Eicholz,* 999 S.W.2d at 742; *Residence,* 896 S.W.2d at 537.

In addition to amending CAFA in 1993, the Legislature also enacted § 66.730 RSMo (Cum.Supp.1993). This statute authorized the governing body of certain constitutional charter cities to enact forfeiture ordinances. Such ordinances could make a motor vehicle subject to forfeiture in three specific situations if the vehicle was being operated at the time by a prior and/or persistent offender convicted of certain intoxication-related offenses. Section 66.730.4 stated that "[a]ll forfeiture proceedings pursuant to this section shall be conducted in accordance with sections 513.600 to 513.645, RSMo, except the forfeiture proceeding shall be brought by the city attorney for the city which enacted such ordinances." Furthermore, § 66.730.5 specifically required, in pertinent part, that "[t]he ordinance shall also provide that any person claiming an ownership interest in the motor vehicle subject to forfeiture shall have all the defenses to the forfeiture proceeding available to them which they may be entitled to raise under sections 513.600 to 513.645, RSMo." Thus, § 66.730 required an ordinance-based civil forfeiture action to be conducted in accordance with CAFA and granted a person with an ownership interest in the property the right to prevent forfeiture by asserting any CAFA defense. After § 66.730 was enacted, the City passed General Ordinance Number 4368, which added Sec. 22–85.1 to the City Code. This ordinance authorized the City to seek forfeiture of motor vehicles in each of the situations specified in § 66.730.

In 1994, § 66.730 was transferred to a different chapter of the revised statutes and renumbered as § 82.1000 RSMo (1994). We presume this change was made because § 66.730 only applies to certain constitutional charter cities. Statutes applicable to constitutional charter cities are grouped together in Chapter 82 of the Revised Statutes of Missouri. Chapter 66, on the other hand, contains miscellaneous statutes applicable to constitutional charter counties. To make matters more confusing, the City renumbered many of its ordinances in 2000, so its forfeiture ordinance is now contained in Sec. 106–207 of the City Code. Therefore, in the remainder of this opinion, we will refer to the constitutional charter city forfeiture statute as § 82.1000 and to the City's forfeiture ordinance as Sec. 106–207.

As required by § 82.1000, Sec. 106–207 states, in pertinent part, as follows:

(d) Procedures for forfeiture. All forfeiture proceedings pursuant to this section shall be conducted in accordance with RSMo 513.600—513.645, except that the forfeiture proceeding shall be brought by the city attorney. The city attorney shall have the authority of and perform the duties related to the commencement and pursuit of the forfeiture action delegated to the attorney general or the prosecuting attorney under RSMo 513.600—513.645.

(e) *Defenses to forfeiture proceedings.* Any person claiming an ownership interest in the motor vehicle subject to forfeiture shall have all the defenses to the forfeiture proceeding available to him which he may be entitled to raise pursuant to RSMo 513.600—513.645.

With the overview of CAFA, § 82.1000 and Sec. 106–207 completed, we move to the merits of the City's arguments.

■ In seeking forfeiture of the motor vehicles owned by defendants, the City relied upon Sec. 106–207 and § 82.1000. In the City's first point relied, it claims the trial court erred by dismissing each forfeiture action because § 82.1000 specifically authorizes the forfeiture of a motor vehicle without the need for any conviction on a charge substantially related to the forfeiture. We disagree.

■ We begin our analysis by noting that "[f]orfeitures are not favored in the law and should be enforced only when both the letter and the spirit of the law authorizing the forfeiture are followed. Thus, forfeiture statutes are strictly construed against the state, and every word, clause, sentence, and provision of the statutes are presumed to have been intended by the legislature to have effect and be operative." *State v. Sims,* 124 S.W.3d 486, 488 (Mo.App.2003) (citations omitted); *see Residence,* 896 S.W.2d at 537.

As noted above, § 513.617.1 states, in pertinent part, that "no property shall be forfeited unless the person charged is found guilty of or pleads guilty to a felony offense substantially related to the forfeiture." Accordingly, this is among the defenses which a person may assert in a CAFA forfeiture proceeding. Subsections 4 and 5 of § 82.1000 mandate that all forfeiture proceedings initiated by the City pursuant to a forfeiture ordinance "be conducted in accordance with sections 513.600 to 513.645"; and that "any person claiming an ownership interest in the motor vehicle subject to forfeiture shall have all the de-

fenses to the forfeiture proceeding available to them which they may be entitled to raise pursuant to sections 513.600 to 513.645, RSMo." [5] The City's proposed construction of § 82.1000 ignores each of these important limitations upon its right to seek forfeiture of a motor vehicle.

We believe *State v. Eicholz,* 999 S.W.2d 738 (Mo.App.1999) is very instructive because of the similarity of the issue involved in that appeal. There, money found in close proximity to a controlled substance was seized from Eicholz's residence. The State initiated a forfeiture proceeding pursuant to § 195.140 RSMo (1994). Section 195.140.2(3) RSMo (1994) requires that "[a]ll forfeiture proceedings shall be conducted pursuant to the provisions of sections 513.600 to 513.660." [6] Because Eicholz was charged with two felonies, the forfeiture proceeding was stayed pursuant to § 513.617.1. After Eicholz was killed in an accident, the criminal charges against him were dismissed. *Id.* at 739. Thereafter, his estate filed a motion for summary judgment in the forfeiture proceeding. The motion alleged that § 513.617 required the State to obtain a criminal conviction before money could be forfeited, which was impossible since Eicholz was deceased. The trial court granted the motion, and the State appealed. *Id.* at 740.

In light of the statutory requirement that a forfeiture proceeding brought pursuant to § 195.140 had to be conducted in accordance with CAFA, the Western District concluded that a criminal conviction had to be obtained before a judgment of forfeiture could be entered. The appellate court concluded that the trial court's ruling was proper based on two different statutory defenses found in CAFA: (1)

---

**5.** The City's forfeiture ordinance includes provisions to the same effect. *See* Sec. 106–207(d) and (e).

**6.** This language was added to the statute in 1993 as a part of the same bill which made the other changes to CAFA already noted. *See* 1993 Mo. Laws 1520.

§ 513.645.6, which states that "[u]pon acquittal or dismissal of a criminal action against a person also named in a CAFA action, the civil action shall be dismissed"; and (2) § 513.617.1, which states that "no property shall be forfeited unless the person charged is found guilty of or pleads guilty to a felony offense substantially related to the forfeiture." *Id.* at 741–42. Therefore, the entry of summary judgment against the State was affirmed. *Id.* at 743.

We agree with the analysis in *Eicholz* and find it dispositive here. Absent a felony conviction on a charge substantially related to the forfeiture proceeding, the City could not obtain a judgment forfeiting defendants' motor vehicles to the City. Only by strictly construing § 82.1000 in this fashion can we give effect to subsection 4, which requires a forfeiture proceeding based on Sec. 106–207 to be conducted in accordance with CAFA; and subsection 5, which permits the defendants to assert all the defenses to forfeiture that they would be entitled to raise in a CAFA proceeding. The City's first point is denied.

■ In the City's second point relied on, it reiterates the assertion that no conviction is required in order to forfeit defendants' vehicles pursuant to Sec. 106–207; however, the City advances a somewhat different rationale for its argument. In this point, the City contends § 82.1000 is a specific statute which takes precedence over the more general § 513.617. Therefore, even if § 513.617 requires a felony conviction before forfeiture can occur, it is not controlling here. We find this argument unpersuasive as well.

The primary rule of statutory construction is to give effect to legislative intent as reflected in the plain language of the statute. *State v. Blocker,* 133 S.W.3d 502, 504 (Mo. banc 2004). Each word or phrase in a statute must be given meaning if possible. *Id.* Since § 82.1000 and § 513.617

both address the same subject matter (civil forfeiture proceedings), they are considered *in pari materia* and should be construed together as though constituting one act. *United Distributors v. Department of Public Safety,* 31 S.W.3d 49, 53 (Mo.App. 2000); *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 200 (Mo. banc 1991). "The rule of construction in such instances proceeds upon the supposition that the statutes in question are intended to be read consistently and harmoniously in their several parts and provisions." *Rothermich,* 816 S.W.2d at 200. The City's forfeiture actions also were based on its forfeiture ordinance, Sec. 106–207. These same rules apply to the construction of a city ordinance. *See, e.g., Civil Service Comm'n of City of St. Louis v. Members of Bd. of Aldermen of City of St. Louis,* 92 S.W.3d 785, 787 (Mo. banc 2003); *Fleming v. Moore Bros. Realty Co.,* 363 Mo. 305, 251 S.W.2d 8, 15 (1952).

We conclude that § 513.617, § 82.1000 and Sec. 106–207 can be read consistently and harmoniously by construing all of them to require a felony conviction before property can be forfeited to the government. Only by doing so can we give effect to the provisions in § 82.1000 and Sec. 106–207 that any person claiming an ownership interest in the motor vehicle subject to forfeiture shall have all defenses to the forfeiture proceeding available to them which they may be entitled to raise pursuant to sections 513.600 to 513.645, RSMo. If the General Assembly had not intended for ordinance-based forfeiture proceedings to be subject to the felony-conviction defense permitted in a CAFA proceeding, it would have omitted subsections 4 and 5 from § 82.1000. *See, e.g.,* § 542.301; *Chandler v. Hemeyer,* 49 S.W.3d 786, 794 (Mo. App.2001) (holding that no guilty plea or criminal conviction was necessary to forfeit property because forfeiture proceedings

conducted pursuant to § 542.301 are not subject to CAFA provisions).

We reject the City's contention that § 82.1000 is controlling because it is the more specific statute. It is a recognized rule of statutory construction that, when the same subject matter is addressed in general terms by one statute and in specific terms by another statute, the more specific statute is controlling. *See Greenbriar Hills Country Club v. Director of Revenue*, 47 S.W.3d 346, 352 (Mo. banc 2001). What the City fails to note is that this rule only applies when the two statutes cannot be harmonized because there is a "necessary repugnancy" between the statutes which cannot be reconciled. *Id.; see also Robinson v. Health Midwest Dev. Group*, 58 S.W.3d 519, 522 (Mo. banc 2001); *Nichols v. Director of Revenue*, 116 S.W.3d 583, 586 (Mo.App.2003). Since § 82.1000 and § 513.617 are not in conflict and can be harmonized for the reasons already stated, the City's argument fails. Therefore, the City's second point is denied.

In conclusion, the undisputed facts before the trial court established that neither Spence nor Gee had been convicted of a felony on a charge substantially related to the forfeiture. In the absence of the required felony conviction, all of the defendants in *City of Springfield v. Spence* and *City of Springfield v. Gee* were entitled to judgment as a matter of law. Therefore, the trial court's entry of summary judgment against the City in both of these civil forfeiture actions is affirmed.

SHRUM and BARNEY, JJ., concur.