**STATE of Missouri, Respondent,**

v.

**Christopher M. SLEDD, Appellant.**

**No. WD 53447.**

Missouri Court of Appeals,
Western District.

July 29, 1997.

Dan Viets, Columbia, for appellant.

Robert R. Sterner, Pros. Atty., Geoffrey W. Preckshot, Assistant Pros. Atty., Callaway County, Fulton, for respondent.

Before ULRICH, C.J., P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

ULRICH, Chief Judge, Presiding Judge.

This appeal concerns whether the transfer by state authorities to federal authorities of $9,481 seized by Missouri state authorities during a search was permitted by section 513.647, RSMo 1994. Christopher Sledd claims that Callaway County made an unauthorized transfer of the money to federal authorities. This case considers the procedure and the prosecutor's requisite allegations to effect transfer of seized assets by state officials to federal authorities for forfeiture under federal forfeiture law as required by section 513.647, RSMo 1994.

## FACTS

On July 22, 1996, the Fulton police department seized $9,481 in a valid search of a residence located at 815 Vine Street, Fulton, Missouri. The county prosecutor claimed that certain bills of the $9,481 were identified as money used in an undercover operation to buy drugs at the residence, although not necessarily from the resident of the address, Christopher Sledd. No state or federal criminal charges were filed against Mr. Sledd.

On August 9, 1996, the Callaway County prosecutor filed a "Motion for Transfer of a Civil Forfeiture Case to the United States Drug Enforcement Administration"[1] under section 513.647.1, RSMo 1994. On August 19, 1996, the prosecutor filed an *ex parte* statement with the court setting forth the facts which led to the seizure of the $9,481. Thereafter, the court notified Christopher Sledd of the prosecutor's filing and informed him of his right to file a petition to challenge the transfer. Mr. Sledd filed his petition in opposition to the application for transfer on August 26, 1996. A hearing on the application was held in circuit court on September 23, 1996. The application to transfer was granted.

Mr. Sledd contends the trial court erred in granting the state's application to transfer the funds for three reasons. First, Mr. Sledd argues that section 513.647 compelled that the transfer of seized funds be predicated on a criminal conviction. Second, he contends that the state was required under section 513.647 to make a reasonable showing that forfeiture of the money could be "better pursued" through the transfer, which, he alleges, the state failed to do. Finally, Mr. Sledd argues that even if a criminal conviction was not required for transfer, the state should have alleged and made a reasonable showing that Mr. Sledd committed a felony as a condition precedent before transfer was permitted under section 513.647.

The judgment of the trial court is reversed.

## STANDARD OF REVIEW

■ This case presents an issue of first impression on the statutory meaning and requirements of section 513.647. Statutes are construed in such a way as to avoid unreasonable, oppressive, or absurd results. *Jen-*

---

1. Although the prosecutor in this case used the term motion to transfer, application to transfer is the more appropriate term and will be used hereafter.

*kins v. Missouri Farmers Ass'n, Inc.*, 851 S.W.2d 542 (Mo.App.1993). Words contained in a statute should be given their plain and ordinary meaning. *McCollum v. Director Of Revenue*, 906 S.W.2d 368 (Mo.1995). Provisions of the entire legislative act must be construed together and, if reasonably possible, all provisions must be harmonized. *Hagely v. Board of Educ. of Webster Groves School Dist.*, 841 S.W.2d 663 (Mo.1992). Related clauses are considered when construing a particular portion of a statute. *Marre v. Reed*, 775 S.W.2d 951, 953 (Mo. banc 1989). Courts, in interpreting a particular statute, properly consider other statutes involving similar or related subject matter. *Angoff v. M & M Management Corp.*, 897 S.W.2d 649, 654 (Mo.App.1995). All consistent statutes relating to the same subject are in *pari materia* and are construed together as though constituting one act, whether adopted at different dates or separated by long or short intervals. *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 200 (Mo. banc 1991).

## I. STATUTORY BACKGROUND OF SECTION 513.647

Mr. Sledd contends that section 513.647 should be construed in the context of the statutory reforms the Missouri legislature enacted in 1993 under Chapter 513 entitled "Missouri Criminal Activities Forfeiture Act" (CAFA), most notably section 513.617. Prior to the 1993 passage of section 513.617, neither a criminal charge nor conviction was required as a condition precedent to a forfeiture under CAFA. *State v. Residence Located at 5708 Paseo, Kansas City, Mo.*, 896 S.W.2d 532, 537 (Mo.App. W.D.1995). The 1993 reforms to CAFA, however, reflected the General Assembly's desire to restrain what it perceived to be overzealous use of federal and state forfeiture statutes. *See generally* Frans J. Von Kaenel, *Recent Development: Missouri Ups the Ante in the Drug Forfeiture "Race to the Res"*, 72 Wash. U.L.Q. 1469 (1994); James W. Diehm, *New Federalism and Constitutional Criminal Procedure: Are We Repeating the Mistakes of the Past?*, 55 Md. L.Rev. 223, 262 (1996)

("Such statutes raise serious issues of federal supremacy and present difficult practical problems in joint federal-state investigations"). The General Assembly enacted sections 513.647 through 513.653 [2] to limit Missouri law enforcement officers from utilizing federal forfeiture statutes where Missouri law does not allow forfeiture and to constrain the practice of "adoption of state seizures" by federal law enforcement agencies.

Under federal forfeiture law, state and local law enforcement agencies may participate in an "equitable sharing program" concerning the distribution of federally forfeited property. U.S. Dep't of Justice, A Guide to Equitable Sharing of Federally Forfeited Property for State and Local Law Enforcement Agencies 1–2 (1990). The non-federal agency may participate by: (1) assisting a designated federal agency in the investigation or prosecution of violations of federal law that provide for forfeiture as a remedy; or (2) seizing property independently and requesting that a designated federal agency "adopt" the seizure and commence administrative forfeiture proceedings. *Id.* Absent legislation establishing prior exclusive state jurisdiction, a federal agency may adopt state seizures at any time. 21 C.F.R. 1316.91(1) (1990); *Madewell v. Downs*, 68 F.3d 1030 (8th Cir.1995).

## II. CONFISCATION OF THE $9,481 DURING A VALID SEARCH IS NOT A FORFEITURE

■ Mr. Sledd questions the authority of Callaway County to transfer possession of $9,481, seized by the Fulton Police Department during the search of Mr. Sledd's apartment, to the federal government. State and local officials have a duty to properly dispose of seized property in their custody. *See e.g. Boshers v. Humane Soc. of Missouri, Inc.*, 929 S.W.2d 250, 255 (Mo.App.1996); *Monson v. Mulligan*, 950 F.Supp. 262 (E.D.Mo.1996); *Johnson v. Johnson*, 849 P.2d 1361, 1365 (Alaska 1993)(quoting Prosser & Keeton on the Law of Torts § 15, at 96 (5th ed.1984))(transfer of property in contravention of state statutes is conversion).

**2.** Missouri House Bill 562, H.R. 562, 87th Leg., 1st Reg. Sess. (1993).

■■■■ The state is correct in its contention that the seizure of $9,481 did not constitute a "forfeiture." Property seized pursuant to a search warrant has only been *impounded* as it is only taken or retained in "the custody of the law." *U.S. v. Louisiana,* 446 U.S. 253, 264, 100 S.Ct. 1618, 1625, 64 L.Ed.2d 196 (1980)(quoting Black's Law Dictionary 681 (5th ed.1979) and Bouvier's Law Dictionary 1515 (8th ed.1914)). "Forfeiture" is defined as the "loss of some right or property as a penalty for some illegal act," Black's Law Dictionary 584–85 (5th ed.1979), or as the "divestiture without compensation of property used in a manner contrary to the laws of the sovereign." *U.S. v. U.S. Currency in Amount of $228,536.00,* 895 F.2d 908, 911 (2d Cir.1990), *cert. denied,* 495 U.S. 958, 110 S.Ct. 2564, 109 L.Ed.2d 747 (1990). A forfeiture is "an economic penalty, which serves not only remedial purposes, but also either retributive or deterrent purposes." *Austin v. U.S.,* 509 U.S. 602, 610, 113 S.Ct. 2801, 2810, 125 L.Ed.2d 488, 498 (1993). All seizures are not "forfeitures," and, therefore, the question presented by Mr. Sledd concerns the transfer of custody of impounded property to a federal agency.

## III. SECTION 513.647.1 GOVERNS THE TRANSFER OF FORFEITABLE PROPERTY TO FEDERAL AGENCIES

The state contends that the disposition of impounded property, specifically the transfer of $9,481 to the United States Drug Enforcement Administration, was governed solely by section 513.647.1, RSMo 1994, which states:

1. No state or local law enforcement agency may transfer any property seized by the state or local agency to any federal agency for forfeiture under federal law until the prosecuting attorney and the circuit judge of the county in which the property was seized first review the seizure and approve the transfer to a federal agency. The prosecuting attorney and the circuit judge shall not approve any transfer unless it reasonably appears the activity giving rise to the investigation or seizure involves more than one state or the nature of the investigation or seizure would be better pursued under federal forfeiture statutes. No transfer shall be made to a federal agency unless the violation would be a felony under Missouri law or federal law.

This section is not the only statutory section concerning the disposition of impounded property. Section 542.301 also deals explicitly with the disposition of seized property. Section 542.301 states, in part, that:

1. Unless the statute authorizing seizure provides otherwise, property which comes into the custody of an officer or of a court as the result of any seizure and which has not been returned to the claimant shall be disposed of as follows . . . .

The $9,481 was "property which came into the custody of an officer or of a court as the result of any seizure and which has not been returned to the claimant." Section 542.301 specifically states that the property "shall be disposed of" as it specifically provides. Section 542.301, therefore, also has applicability to the authority of Callaway County to dispose of the $9,481.

Section 542.301 does not explicitly provide for the kind of transfer of property to federal authorities contemplated in section 513.647.1. The General Assembly, however, intended to include in its list of proper "dispositions" of seized property the transfer of custody of the property to federal agencies.

■■■■ Section 513.647.1 does not apply to the transfer of all property seized and in the custody of the state or local authorities. Although section 513.647.1 refers to "any property seized," the section refers to the seizure of property taken subject to forfeiture proceedings. The section appears within Chapter 513 and concerns property the state believes "would be" better pursued under federal forfeiture law. The section also requires analysis of "the activity giving rise to the investigation or seizure," the natural inference being that judicial scrutiny will be given as to the nexus between the property and the alleged criminal activity. This conclusion is reinforced by the requirement that no property is eligible for transfer unless "the [underlying] violation would be a felony." The phrase "the violation" logically ap-

pears to be another way of referring to "the activity." For property to be "forfeitable," therefore, a factual showing of an activity that would be a felony and a nexus between the alleged felonious activity and the property must be sufficiently made.

## IV. TRANSFER OF $9,481 TO DEA FOR THE EXPRESS PURPOSE OF FORFEITURE UNDER FEDERAL LAW IMPLICATES MISSOURI'S PUBLIC POLICY ON FORFEITURE

Mr. Sledd contends that transfer of property under section 513.647.1 is governed by the identical requirements of forfeiture under section 513.617. Section 513.617.1 provides that if a person is arrested, detained, or apprehended, but not charged with any crime, that person's property is not subject to forfeiture. He claims that section 513.647.1 falls under Missouri's public policy on forfeiture expressed in section 513.617.1, and, therefore, he claims that a transfer under section 513.647.1 must be predicated on an actual felony criminal conviction.

Although the initial impoundment of the money seized during the search warrant is not a forfeiture, the state's explicit transfer of its lawful possession of the impounded property to a federal law enforcement agency for the express purpose of forfeiting the property under federal law logically implicates Missouri's public policy on forfeiture. This is significant because under federal law the federal government may forfeit a person's property regardless of whether the person was charged or convicted of a crime. Under federal law, a person in Missouri may still have his property forfeited to the federal government without being charged or convicted of any crime, even though the General Assembly precludes state authorities from the same conduct under Missouri's forfeiture law. Missouri law requires an underlying felony conviction based on proof beyond a reasonable doubt. Transfer does not require this same high standard. Nevertheless, once property is transferred, nothing prevents the federal government from forfeiting the property without proving criminal culpability by the owner in a criminal proceeding. The

General Assembly has manifested its intent to require more proof of illegal conduct relating to the seized property to effect forfeiture than does the Congress.

 Although forfeiture policy considerations are expressed by section 513.647.1, Mr. Sledd incorrectly concludes that transfer of seized property must be founded on a felony conviction. The language of section 513.647.1 only requires that "[n]o transfer shall be made to a federal agency unless the violation *would be a felony* under Missouri law or federal law." (emphasis supplied). Although the legislature could have required the state to obtain a criminal conviction before transfer, the language chosen by the legislature explicitly states "the nature of the investigation ... could be better pursued ..." and, therefore, discloses that the matter contemplated is the investigation and not successful criminal prosecution.

## V. SUFFICIENCY OF THE COUNTY'S MOTION TO TRANSFER UNDER SECTION 513.647

Mr. Sledd also claims that the state failed to allege or to make sufficient showing that any activity on the part of anyone would have constituted a felony under Missouri or federal law to legally justify transfer of the property. He notes that neither the "Application for Transfer of a Civil Forfeiture Case to a Federal Agency" nor the *ex parte* statement made by the Callaway County prosecutor contained an allegation that a felony under Missouri or federal law had been committed. The application restates section 513.647.1, states that the Fulton Police Department has requested the transfer to DEA, and alleges that the "nature of the investigation or seizure would be better pursued under Federal Forfeiture Statutes."

 Laws concerning forfeiture are not favored, and the administration of such laws will be upheld if they "are administered only when they advance the letter and spirit of the law." *State v. Eberenz*, 805 S.W.2d 359, 360 (Mo.App.1991). Forfeiture statutes are "strictly construed against the state and every word, clause, sentence and provision of such statutes is presumed to have been intended by the legislature to have effect and

be operative." *Id. See also State v. Hampton,* 817 S.W.2d 470, 472 (Mo.App.1991)(citing *U.S. v. One 1936 Model Ford V–8,* 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (1939)).

Section 513.647 contains two subsections. Subsection 1 sets forth the fundamental prerequisites for a transfer of property seized by a state or local authority to a federal agency. As previously discussed, subsection 1 of the statute requires two specific findings to be made by a trial court before a transfer is ordered: (1) that the activity giving rise to the investigation or seizure involves more than one state or that the nature of the investigation or seizure would be better pursued under federal forfeiture statutes; and (2) that the violation would be a felony under Missouri law or federal law.

Subsection 2 of section 513.647 then asserts the procedure mandated for a transfer. It provides:

2. Prior to transfer, in an ex parte proceeding, the prosecuting attorney shall file with the court a statement setting forth the facts and circumstances of the event or occurrence which led to the seizure of the property and the parties involved, if known. The court shall certify the filing, and notify by mailing to the last known address of the property owner that his property is subject to being transferred to the federal government and further notify the property owner of his right to file a petition stating legitimate grounds for challenging the transfer. If within ninety-six hours after the filing of the statement by the prosecuting attorney, the property owner by petition shows by a preponderance of the evidence that the property should not be transferred to the federal government for forfeiture, the court shall delay such transfer until a hearing may be held. If the court orders a delay in transfer, no later than ten days after the filing of a petition under this section and sections 513.649 and 513.651, a hearing shall be held unless the court deems, for good cause shown, that a continuance should be granted. At the hearing, if the prosecutor has proved by a preponderance of the evidence that the investigation or seizure involved more than one state or that the nature of the investigation or seizure would be better pursued under the federal forfeiture statutes, the court shall order that the transfer shall be made.

 Subsection 2 essentially contains a five step process to be followed to transfer property seized by state or local authorities and in their possession to a federal agency. First, the prosecuting attorney of the county must file an application to transfer alleging that transfer is appropriate under the two prerequisites of subsection 1 and to trigger the transfer process. Thereafter, an *ex parte* statement setting forth facts and circumstances of the seizure is filed. In this case, the prosecutor filed an application for transfer alleging that the nature of the investigation or seizure would be better pursued under federal forfeiture statutes and an *ex parte* statement setting forth the facts. The application to transfer, however, must contain both an allegation that the nature of the seizure would be better pursued under federal forfeiture statutes and that the violation would be a felony under Missouri or federal law. Although the statute does not specifically require it, the specific felony statute, state or federal, must be cited and the elements of the offense must be asserted in the application for transfer. The *ex parte* statement then shall include a factual allegation supporting the elements. Thus, persons claiming an interest in the property are provided notice of the state's allegations and the supporting factual basis for the transfer.

After the filing of an application to transfer and an *ex parte* statement, the trial court must certify the application and the statement and notify the property owner of the filing and of his right to file a petition challenging the transfer. The property owner then has ninety-six hours from the filing of the *ex parte* statement to file a petition showing by a preponderance of the evidence that the property should not be transferred to the federal government for forfeiture. If a petition sufficiently challenging the transfer is received by the court within the specified time, the court shall delay such transfer until a hearing may be held.

Fourth, if the court ordered a delay in transfer, a hearing shall be held within ten

days of the filing of the property owner's petition unless the court grants a continuance for good cause shown. Finally, a transfer shall be ordered if, at the hearing, the prosecutor proves by a preponderance of the evidence and the trial court finds that (1) the investigation or seizure involved more than one state or that the nature of the investigation or seizure would be better pursued under federal forfeiture statutes, and (2) the underlying violation justifying seizure of the property would be a felony under Missouri or federal law.

■ Section 513.647.1 unequivocally states that "[n]o transfer shall be made to a federal agency unless the violation would be a felony under Missouri or federal law." In this case, no allegation of any felony was made in the prosecutor's application to transfer. Mr. Sledd, therefore, was given no notice as to the specific felony or felonies allegedly committed by him or a third party that the prosecutor intended to use as a basis for the transfer, and the omission was fatal to the transfer. Although the statement filed by the prosecutor alleged facts that, if true, might support a felony charge in Missouri or in federal district court, no specific state or federal felony was identified in the application for transfer. Therefore, the elements of the felony the prosecutor relied on as the underlying criminal violation to justify the transfer were not identified.

## VI. NECESSITY OF A FACTUAL AND LEGAL BASIS FOR A TRANSFER OF SEIZED PROPERTY

■ Assuming arguendo that the omission of an allegation of a specific felony in the application was not fatal, the hearing yielded little more than cursory and vague conclusions. The county prosecutor contended in the September 23, 1996 hearing that section 513.617.1 permitted the transfer because:

the case involved someone with prior felony convictions who was in fact on home imprisonment at the time of offense; a

substantial amount of money, some of which was identified as money used in a drug transaction by an informant, one piece of crack cocaine which is located in the same room as the defendant ... [a]nd a firearm which was a handgun which is located in the top of a closet in the same bedroom in which defendant was found during the search.[3]

The prosecutor concluded:

it's not only against federal law for someone convicted of a felony to own a gun, it's also against federal law for them to possess a gun. And I would suggest to the court that although he may not have owned the gun, he did in fact possess it, and that's a matter for the federal courts to determine.

The transcript of the hearing reveals that no evidence was introduced to substantiate the finding that an activity with a sufficient nexus to the property "would be a felony under Missouri or federal law." A prosecutor's sweeping, conclusory and unsubstantiated allegations do not establish the "would be a felony" requirement. Construing the statute strictly against the state, as forfeiture statutes are required to be interpreted, a finding by a preponderance of evidence that a felony under Missouri or federal law has occurred and that the property is sufficiently connected to the felonious activity is mandatory.

Similar broad and conclusory allegations were found insufficient in *State v. Residence Located at 5708 Paseo, Kansas City, Mo.,* 896 S.W.2d 532 (Mo.App. W.D.1995). In ascertaining the level of possible criminal activity that would justify forfeiture, this court stated:

there must be more than a hint or suggestion of criminal activity ...

The pivotal issue presented is whether the evidence adduced by the State rises to a level to constitute criminal activity as contemplated by the statute. As a penal statute, CAFA must be strictly construed.

---

**3.** Mr. Sledd disputes much of the state's contentions. He claims that seven people were present in the house at the time of the search warrant, that another resident of the house owned the gun, that the true nature of the substance found was not submitted to laboratory analysis, and that no evidence of a chemical test establishing the contraband nature of any items found at the scene was submitted at the hearing.

In this case, there have been no criminal proceedings commenced against either of the individual defendants for any of the events alleged in the petition. Upon the evidence adduced, the State has failed to prove by a preponderance of the evidence that any criminal activity has taken place. The assertion that the activities engaged on the premises may be unconventional, unexplainable, unorthodox, suspicious or strange does not permit the court to substitute that standard for the criminal activity standard set forth in the CAFA law.

An application for transfer to a federal agency under section 513.647 should, therefore, contain an allegation that activity constituted a felony under Missouri or federal law. An application should also assert how or why the activity involves "more than one state or the nature of the investigation or seizure would be better pursued under federal forfeiture statutes." § 513.647.1. The provision of the statute—that to transfer any property seized by the state or local agency to any federal agency for forfeiture under federal law requires the approval of the prosecuting attorney—is satisfied when the prosecuting attorney files the application for transfer and continues to prosecute it until the court enters its judgment on the application. The court's approval, or disapproval, is contained in its judgment.

The Missouri legislature has established restrictions before state authorities can transfer property seized within the state by state actors to the federal government. Before seized property is transferred to a federal agency, a state trial court must ensure that legislative requirements and procedures have been satisfied by state and local prosecutors.

The application to transfer was fatally flawed, and the trial court's decision was contrary to law and was not supported by substantial evidence. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

The judgment is reversed.

All concur.