**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Rodney W. GRAY and Amy K. Gray,
Defendants/Appellants.**

No. ED 75493.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 11, 2000.

P.1999, unless otherwise indicated.

Mark L. Williams, Kirksville, for appellant.

Susan Henry, Pros. Atty., Memphis, for respondent.

ROBERT G. DOWD, Jr., Judge.

Rodney W. and Amy K. Gray (Appellants) appeal the judgment and order transferring their 1991 Honda 4–Wheeler to the federal authorities. Appellants contend the trial court erred in granting the application for transfer because (1) neither the application nor the statement of facts contained an allegation of the specific felony statute violated as required by Section 513.647, RSMo 1994, and (2) the prosecuting attorney failed to prove by a preponderance of the evidence that the seizure of the property would be better pursued under the federal forfeiture statutes.[1] We affirm.

The Scotland County prosecuting attorney filed an Application for Transfer of Property to a Federal Law Enforcement Agency for Forfeiture pursuant to Section 513.647, RSMo 1994. As required by the statute, the prosecuting attorney then filed an ex parte statement of facts setting forth the facts that led to the seizure of the Honda 4–Wheeler. The statement of facts stated that, "[t]he reason for said seizure is that the property was used in the course of, derived from or realized through felony criminal activity, in violation of Chapter 195, RSMo, whereas the defendant possessed cannabis, a controlled substance." The statement of facts also indicated that Rodney W. Gray was observed coming up the road toward his house on the Honda 4–

---

1. We note the State did not file a brief in this matter and, therefore, we write without the benefit of its arguments.

Wheeler. When he saw deputies and a state highway patrol trooper, he attempted to elude the officers and threw two bags into a ditch. The state trooper retrieved the two bags and found they contained freshly picked cannabis, weighing approximately five pounds. The deputies took Rodney W. Gray into custody and seized his Honda 4–Wheeler as evidence.

The trial court held a hearing on the application for transfer. Afterward, the trial court made findings and ordered the 1991 Honda 4–Wheeler transferred to the federal authorities for the appropriate forfeiture proceedings.

In their first point, Appellants argue the trial court erroneously declared and applied the law in granting the transfer application under Section 513.647. Appellants assert the application for transfer failed to allege the specific felony statute violated as required by Section 513.647 and, therefore, failed to give notice of the specific felony used as the basis of the transfer citing *State v. Sledd*, 949 S.W.2d 643 (Mo.App. W.D.1997). We disagree.

■ The judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Forfeiture statutes are to be strictly construed against the state and every word, clause, sentence and provision of such statutes is presumed to have been intended by the legislature to have effect and be operative. *State v. Washington*, 902 S.W.2d 893, 894 (Mo.App. E.D.1995). Section 513.647[2] governs the transfer of forfeitable property to federal agencies. Subsection 1 of Section 513.647 sets forth the fundamental prerequisites for a transfer of property seized by a state or local authority to a federal agency. The statute requires finding (1) that the activity giving rise to the investigation or seizure involves more than one state or that the nature of the investigation or seizure would be better pursued under federal forfeiture statutes, and (2) that the violation would be a felony under Missouri law or federal law. Section 513.647.1; *See also Sledd*, 949 S.W.2d at 649.

Subsection 2 of section 513.647 then sets out the procedure for a transfer. Sec-

2. Section 513.647 states as follows:

1. No state or local law enforcement agency may transfer any property seized by the state or local agency to any federal agency for forfeiture under federal law until the prosecuting attorney and the circuit judge of the county in which the property was seized first review the seizure and approve the transfer to a federal agency. The prosecuting attorney and the circuit court shall not approve any transfer unless it reasonably appears the activity giving rise to the investigation or seizure involves more than one state or the nature of the investigation or seizure would be better pursued under federal forfeiture statutes. No transfer shall be made to a federal agency unless the violation would be a felony under Missouri law or federal law.

2. Prior to transfer, in an ex parte proceeding, the prosecuting attorney shall file with the court a statement setting forth the facts and circumstances of the event or occurrence which led to the seizure of the property and the parties involved, if known. The court shall certify the filing, and notify by mailing to the last known address of the property owner that his property is subject to being transferred to the federal government and further notify the property owner of his right to file a petition stating legitimate grounds for challenging the transfer. If within ninety-six hours after the filing of the statement by the prosecuting attorney, the property owner by petition shows by a preponderance of the evidence that the property should not be transferred to the federal government for forfeiture, the court shall delay such transfer until a hearing may be held. If the court orders a delay in transfer, no later than ten days after the filing of a petition under this section and sections 513.649 and 513.651, a hearing shall be held unless the court deems, for good cause shown, that a continuance should be granted. At the hearing, if the prosecutor has proved by a preponderance of the evidence that the investigation or seizure involved more than one state or that the nature of the investigation or seizure would be better pursued under federal forfeiture statutes, the court shall order that the transfer shall be made.

tion 513.647.2 contains a five-step process to be followed to transfer property seized by state or local authorities to a federal agency. First, the prosecuting attorney of the county must file an application to transfer alleging the transfer is appropriate under the two prerequisites of subsection 1. Section 513.647.2. Thereafter, an ex parte statement setting forth facts and circumstances of the seizure is filed. *Id.* After the filing of the application to transfer and an ex parte statement, the trial court must certify the application and the statement and notify the property owner of the filing and of his right to file a petition challenging the transfer. *Id.* The property owner then has ninety-six hours from the filing of the ex parte statement to file a petition showing by a preponderance of the evidence that the property should not be transferred to the federal government for forfeiture. *Id.* If a petition sufficiently challenging the transfer is received by the court within the specified time, the court shall delay such transfer until a hearing may be held. *Id.* Fourth, if the court ordered a delay in transfer, a hearing shall be held within ten days of the filing of the property owner's petition unless the court grants a continuance for good cause shown. *Id.* Finally, a transfer shall be ordered if, at the hearing, the prosecutor proves by a preponderance of the evidence and the trial court finds that (1) the investigation or seizure involved more than one state or that the nature of the investigation or seizure would be better pursued under federal forfeiture statutes, and (2) the underlying violation justifying seizure of the property would be a felony under Missouri or federal law. *Id.*; *See also Sledd,* 949 S.W.2d at 649.

Appellants rely solely on *Sledd.* In *Sledd,* the Fulton police department seized $9,481 in a valid search of a residence. *Sledd,* 949 S.W.2d at 645. The Callaway County prosecutor claimed that certain bills of the $9,481 were identified as money used in an undercover operation to buy drugs at the residence, although not necessarily from the resident of the address,

Christopher Sledd. *Id.* No state or federal criminal charges were filed against Sledd. *Id.* The Callaway County prosecutor filed an application for transfer under Section 513.647.1, and thereafter filed an ex parte statement setting forth the facts which led to the seizure of the $9,481. *Id.* No allegation of any felony was made in the Callaway County prosecutor's application for transfer. *Id.* at 650. After a hearing, the application for transfer was granted. *Id.* at 645. Sledd appealed. *Id.*

The Western District of this court held that although the statute does not specifically require it, the specific felony statute, state or federal, must be cited and the elements of the offense must be asserted in the application for transfer. *Id.* at 649. The statement of facts then shall include factual allegations supporting the elements. *Id.* The purpose is to provide the persons claiming an interest in the property notice of the allegations and the supporting factual basis for the transfer. *Id.* In reversing the trial court, the Western District found, "[a]lthough the statement filed by the prosecutor alleged facts that, if true, might support a felony charge in Missouri or in a federal district court, no specific state or federal felony was identified in the application for transfer." *Id.* at 650. The court further explained, "[t]herefore, the elements of the felony the prosecutor relied on as the underlying criminal violation to justify the transfer were not identified." *Id.*

Our case is distinguishable from *Sledd.* In *Sledd,* the application for transfer did not contain any allegation that Sledd's activity would be a felony under Missouri or federal law. Indeed, the application for transfer did not even mention the word "felony." Therefore, Sledd was not given notice as to the specific felony or felonies allegedly committed by him that the prosecutor intended to use as the basis for the transfer.

Here, the Scotland County prosecutor alleged the underlying violation

would be a felony and cited the chapter under Missouri law where it could be found. The Scotland County prosecuting attorney filed an application for transfer alleging that "the activity giving rise to the investigation and seizure involves more than one state and/or that the nature of the investigation or seizure would be better pursued under federal forfeiture statutes Title 21, U.S.C., Section 881" and "the underlying criminal violation of Chapter 195, RSMo[,] would be a felony under Missouri law." Unlike *Sledd*, Appellant was given notice as to the felony basis for the Scotland County Prosecutor's transfer of the Honda 4–Wheeler. Accordingly, the application for transfer was sufficient under section 513.647.1.

Further, the prosecuting attorney also filed an ex parte statement of facts alleging facts that, if true, might support a felony charge in Missouri. Therefore, the elements of the felony the prosecuting attorney relied on as the underlying criminal violation to justify the transfer were sufficiently identified. Certainly, Appellants were placed on sufficient notice of the felony allegations and the supporting factual basis for transfer. Point denied.

In their second point, Appellants contend the prosecuting attorney failed to prove by a preponderance of the evidence that the seizure of the property would be better pursued under the federal forfeiture statutes. Appellants assert a financial gain by the Scotland County Sheriff's Department was not a sufficient reason to meet the burden.

Appellants assert the only reason given as to why the investigation or seizure would be better pursued under federal forfeiture statutes was for the financial gain of the Scotland County Sheriff's Department. However, the transcript of the hearing reveals that the prosecuting attorney also stated the investigation would be better pursued under the federal forfeiture statutes because the Scotland County Sheriff's Department is "a small department and [do] not have the investigative

abilities or manpower available to investigate all aspects of what they potentially believe, that a production activity had been going on for more than one year." In addition, the prosecuting attorney stated that the Scotland County Sheriff's Department stood to "receive an 80 percent payment back from the proceeds of the forfeiture, to be used for training and educational purposes ...." We find the prosecuting attorney met her burden of showing by a preponderance of the evidence that the investigation and/or seizure would be better pursued under the federal forfeiture statutes. Point denied.

The judgment is affirmed.

CRANE, P.J., and SULLIVAN, J., concur.