# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3847

_____

| | | |
|---|---|---|
| D.C., Inc., doing business as Dirt Cheap Cigarettes and Beer, | * | |
| | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| State of Missouri, ex rel, | * | Western District of Missouri. |
| | * | |
| Defendant/Appellee, | * | |
| | * | |
| Trish Vincent, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Greg Barnes; Oliver Dixon; Karl Kenkel; Margaret Marquard; Robert John; Michael Nelson; Kerry Placeway; Alana Maria Barragan-Scott, Director of Revenue, in her official capacity, | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants/Appellees. | * | |

_____

Submitted: September 20, 2010
Filed: December 7, 2010

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Dirt Cheap Cigarettes and Beer (DC) filed this § 1983 suit after Missouri revenue agents seized a large quantity of cigarettes from its retail stores. The district court[1] granted summary judgment to the state defendants on each of DC's federal constitutional claims and denied DC's request for attorney's fees. DC appeals only the denial of attorney's fees. We affirm.

I.

On February 3, 2006, agents of the Missouri Department of Revenue—proceeding without judicial authorization—seized 192 cartons of cigarettes belonging to DC. The Missouri Director of Revenue (the Director) believed that the seizure was authorized by a Missouri law requiring that certain cigarettes "acquired, held, owned, possessed, transported in, imported to, or sold or distributed" in Missouri "be deemed contraband." Mo. Rev. Stat. § 149.203.2. The law applies to cigarettes from manufacturers that are neither participating in a Master Settlement Agreement with the Missouri Attorney General, nor making annual payments to a state escrow fund. Mo. Rev. Stat. § 196.1003.

DC sued the Director in the United States District Court for the Western District of Missouri, asserting that the seizure was not authorized by the Missouri statute and that it violated DC's federal constitutional rights. DC sought: (1) a declaration under 28 U.S.C. § 2201 that Missouri law did not authorize the seizure; (2) a declaration under § 2201 that the seizure violated DC's federal constitutional rights; (3) an injunction pursuant to 42 U.S.C. § 1983 prohibiting the Department of Revenue from executing future seizures against DC; (4) damages pursuant to § 1983; and (5) attorney's fees.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

While the federal action was pending, the Director filed a forfeiture action against the seized cigarettes in Missouri state court. In an effort "to try to avoid even considering the constitutional claims" raised in the federal action, the federal district court abstained while the Missouri courts considered the meaning of the state statute. See D. Ct. Order of July 15, 2009, at 31. The Missouri trial court granted summary judgment to the Director, but the Missouri Court of Appeals reversed, holding that the statute does "not give the authority to the Director to act *upon its belief* that a violation of the statute has occurred." State ex rel. Vincent v. D.C., Inc., 265 S.W.3d 303, 307 (Mo. Ct. App. 2008). Rather, "the statute contemplates a *court determination* of a manufacturer's alleged violation of [Missouri law] before forfeiture and penalties will be imposed." Id. at 308. Therefore, the court concluded, the seizure was not authorized by Missouri law. The Missouri Court of Appeals did not, however, address any of the federal constitutional claims raised in the federal court action.[2]

When the parties returned to federal court, DC amended its complaint to seek remedies exclusively under § 1983. The substance of DC's request for relief, however, remained the same, save one addition: DC now sought attorney's fees for both the federal- and state-court actions. The district court declined to make a declaration on the meaning of Missouri state law, granted summary judgment to the defendants on all of DC's federal claims, and denied DC's request for attorney's fees. Thereafter, the district court denied DC's motion for reconsideration of the denial of attorney's fees.

_____

[2]While the state-court action was pending the Department of Revenue twice seized additional cigarettes from DC, on February 21 and 22, 2007.

II.

DC raises only one issue on appeal: Whether it was error for the district court to conclude that DC was not a prevailing party entitled to attorney's fees. "[W]hile abuse of discretion governs in reviewing fee awards, the question of prevailing party status, a statutory term, presents a legal issue for decision, which we review de novo." Jenkins v. Missouri, 127 F.3d 709, 713-14 (8th Cir. 1997).

Title 42, United States Code, Section 1988(b) provides that in "any action or proceeding to enforce a provision of [42 U.S.C. § 1983]," a federal court "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." Ordinarily, "to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." Farrar v. Hobby, 506 U.S. 103, 111 (1992). Because the district court granted summary judgment for the defendants on each of DC's federal civil rights claims, DC is not a prevailing party under this most basic definition.

We have acknowledged, however, that when a district court "grants relief on a state-law claim in order to avoid a constitutional issue, it may award attorney's fees if the constitutional claim was 'substantial' and both the constitutional and the state-law claims arose out of a 'common nucleus of operative fact.'" Skokos v. Rhoades, 440 F.3d 957, 962 (8th Cir. 2006). This "avoidance" exception is rooted in the legislative history of § 1988, see Maher v. Gagne, 448 U.S. 122, 132-33 (1980), and has been used to award attorney's fees in § 1983 cases in which the federal court abstained while a state court resolved a certified, potentially-dispositive question of state law. See, e.g., Exter-West Greenwich Reg'l Sch. Dist. v. Pontarelli, 788 F.2d 47 (1st Cir. 1986).

DC believes that it is entitled to fees under this exception. In its view, prior to the state-court decision there were serious, unresolved questions about the

-4-

constitutionality of the Missouri statute, specifically, whether it could—consistent with the Constitution—empower a state official to seize cigarettes without judicial authorization.  But once the Missouri courts concluded that the statute had not authorized the seizure, it was no longer necessary to determine whether the statute itself was constitutional.  Therefore, the argument goes, DC's victory in state court allowed the federal district court to avoid that issue.

At first blush, this argument seems appealing.  DC certainly prevailed in the state forfeiture proceeding:  It argued that the Missouri statute did not permit a seizure without court authorization, and the Missouri Court of Appeals agreed.  Furthermore, when the parties returned to federal court, DC did not challenge the constitutionality of the Missouri statute, and the district court never addressed it.  But closer examination reveals that we cannot accept DC's argument without distorting the procedural history of this case.

We note at the outset that DC has never challenged the constitutionality of the Missouri statute itself.  Rather, DC asked the district court to declare the "search and seizure" to be "in violation" of the Constitution, focusing on what the defendants did, not on the statute they claimed allowed them to do it.  Simply put, DC's argument has always been that the defendants' conduct violated the Constitution.  And because the decision of the Missouri Court of Appeals addressed only the meaning of the Missouri statute, it could not have provided a basis for the district court to avoid DC's claims that the defendants' past conduct was unconstitutional.  DC argued as much in its briefing to the district court.  See Suggestions in Supp. of Pl.'s Mot. for Partial Summ. J. at 21 ("The Missouri Court of Appeals did not adjudicate those constitutional claims and did not provide the relief [DC] seeks from this Court. . . . [Its] holding correctly establishes that Defendants' conduct was not authorized by Missouri law, but it does not speak on the issues of whether Defendants' conduct also violated [DC]'s rights under the Fourth, Fifth, and Fourteenth Amendments.  Those are questions expressly reserved for this Court and questions this Court should answer."); Pl's Suggestions

in Opp'n to Defs.' Mot. for J. on the Pleadings at 2 ("[DC]'s request for declaratory judgment is not 'mooted' by the Missouri Court of Appeals' opinion because it did not adjudicate whether the Defendants' unlawful conduct violated the Fourth, Fifth, or Fourteenth Amendments . . . ."), and at 3 ("The Missouri Courts never resolved the issues of federal law this case presents.").

By DC's own admission, the state-court decision did not resolve the issue DC originally sought to have adjudicated in federal court: Whether the defendants' conduct violated the Constitution. The district court took the same view and proceeded to rule on each of DC's constitutional claims.[3] After concluding that the defendants' conduct had not violated the Constitution, the district court rejected DC's claims for damages and a declaratory judgment. The district court further concluded that DC "lack[ed] standing to sue for an injunction against future unconstitutional seizures" because DC had "failed to allege any non-speculative threat of future seizures." D. Ct. Order of Apr. 1, 2009, at 8. Because the district court was required to address these constitutional issues, and resolved each of them against DC, we are not persuaded that any constitutional question was avoided by virtue of DC's success in state court or that DC somehow prevailed in a federal civil rights action.

Unlike in the avoidance-exception cases cited by DC, here the district court—at DC's own urging—actually decided each of the federal constitutional questions

---

[3]Consistent with Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984), the district court declined to make a declaration of state law or issue an injunction based on a violation of state law. See, e.g., Everett v. Schramm, 587 F. Supp. 228 (D. Del. 1984) ("[A] suit for a declaratory judgment regarding the obligations of state officials under state law places a federal court in a position where its resolution of the controversy will either be pointless or will conflict directly with the principles of federalism that underlie the Eleventh Amendment." (citation and quotation marks omitted)), aff'd, 772 F.2d 1114 (3d Cir. 1985).

presented by this case.  Once the district court issued its ruling, DC's argument for avoidance evaporated.  DC is not, therefore, a prevailing party under that exception.

This conclusion is consistent with our view that a party does not "prevail" when it brings both federal constitutional claims and state-law tort claims, succeeds on a state-law claim, but loses on the federal constitutional claims.  See Reel v. Ark. Dep't of Corr., 672 F.2d 693, 698 (8th Cir. 1982) (acknowledging that "attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on [a constitutional] claim, so long as the plaintiff prevails on [a] non-fee claim," but rejecting plaintiff's request because "the district court did not avoid reaching the constitutional issue because the pendent claim was dispositive; it found that [plaintiff] had no constitutional claim at all").

This result also is consistent with the reasoning of similar cases in other circuits.  See, e.g., Nat'l Org. for Women v. Operation Rescue, 37 F.3d 646, 653-54 (D.C. Cir. 1994) ("Although courts have sometimes exercised their discretion to award attorneys' fees to plaintiffs who prevail on pendent state claims when the court has not reached the merits of their federal civil rights claims, here the court ultimately decided plaintiffs had no federal cause of action at all. . . . [A] plaintiff who loses on the merits of its federal civil rights claim is not a 'prevailing party' . . . even if it prevails on a related pendent state law claim." (citation omitted)); Finch v. City of Vernon, 877 F.2d 1497, 1507 (11th Cir. 1989) (rejecting a claim for attorney's fees because "[a]lthough [plaintiff] ultimately prevailed on his state tort claims, those claims are not related to the goals of section 1988"); McDonald v. Doe, 748 F.2d 1055, 1057 (5th Cir. 1984) ("[W]ere the fee-generating federal claim undecided . . . fees would be due to the plaintiff as prevailing party.  That reasoning does not apply when the court has no basis to assume that the plaintiff might possibly have succeeded. . . . If it is determined that no constitutional right was violated, the predicate for the award of fees vanishes." (footnote omitted)).

Given that the "very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's *federal* rights," Mitchum v. Foster, 407 U.S. 225, 242 (1972) (emphasis added), no federal interest would be served by a fee award in this case. Indeed, it would be an invitation for abuse. As the district court explained, a "litigant can't recover attorney's fees for a state law claim merely by appending it to a facially flawed constitutional claim." D. Ct. Order of Nov. 10, 2009, at 7.

## III.

For these reasons, we affirm the district court's order denying DC's motion to reconsider an award of attorney's fees.

_____